IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEON CARMICHAEL, JR.,          )
#165 648,                      )
                               )
        Petitioner,            )
                               )
    v.                         )   CIVIL ACTION NO.:  2:12-CV-138-MHT
                               )              [WO]
WARDEN CARTER DAVENPORT,       )
 *et al.*,                     )
                               )
        Respondents.           )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Petitioner Leon Carmichael, Jr., on February 10, 2012.[1]  On February 13, 2009, a

jury empaneled before the Circuit Court for Montgomery County, Alabama, convicted

Petitioner of unlawful possession of a firearm in violation of Ala. Code § 13A-11-72(a)[2] and

---

[1] Although the present petition was stamped "filed" in this court on February 14, 2012, the petition was signed by Petitioner on February 10, 2012.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Carmichael] signed it . . ."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers February 10, 2012 as the date of filing.

[2] *Ala. Code* § 13A-11-72(a) provides: No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control. *Ala. Code* §13A–11–70(2) defines "crime of violence" as: "Any of the following crimes or an attempt to commit any of them, namely, murder, manslaughter (except manslaughter arising out of the operation of a vehicle), rape, mayhem, assault with intent to rob, assault with intent to ravish, assault with intent to murder, robbery, burglary*, kidnapping and larceny.*"

capital murder in violation of Ala. Code § 13A-5-40(a)(13) (murder by a defendant convicted of any other murder in the twenty years preceding the crime).[3]  On March 30, 2009, the trial court sentenced Petitioner to life imprisonment without the possibility of parole for the capital murder conviction, and a consecutive sentence of life imprisonment for the firearm offense.  *Doc. No. 13, Exh. 4 (Sentencing Order Dated April 23, 2009); Doc. No. 22, Exh. Vol. VI at 187; Exh. Vol. VII at 65-67.*

Petitioner appealed his convictions. As grounds for relief, Petitioner claimed that: (1) the verdict was contrary to the law and the weight of the evidence because the State failed to rebut his claim that he acted in self-defense; (2) the trial court erred when it refused his requested jury instructions pertaining to reasonable doubt and burden of proof; (3) the trial court erred when it refused to instruct the jury on the lesser included offense of murder with respect to his capital murder conviction under Ala. Code § 13A-5-40(a)(13); and (4) his sentence for unlawful possession of a firearm is illegal because the habitual felony offender act cannot apply to a conviction under Ala. Code § 13A-11-72(a). On January 22, 2010, the Alabama Court of Criminal Appeals affirmed Petitioner's convictions and sentence. The appellate court denied Petitioner's application for rehearing on February 19, 2010.  On April 9, 2010, the Alabama Supreme Court denied Petitioner's petition for writ of certiorari and

---

[3]The jury also found Petitioner guilty of the lesser included offense of murder with respect to the charge against him for capital murder in violation of Ala. Code § 13A-5-40(a)(17) (murder made capital because Petitioner committed the murder with the use of a deadly weapon while the victim was in a vehicle). On motion of the State, the trial court dismissed this count.  *Doc. No. 13, Exh. 5; Doc. No. 22, Exh. Vol. VII..*

the Alabama Court of Criminal Appeals issued a issued a certificate of judgment the same day. *Doc. No. 13, Exhs. 5-11, 28*.

Petitioner filed a Rule 32 petition on March 2, 2011, and an amendment to the petition on March 22, 2011. He presented the following arguments for review: (1) appellate counsel was ineffective for failing to challenge trial counsel's ineffectiveness in failing to request a jury charge on the lesser included offense to capital murder under Ala. Code § 13A-5-40(a)(13); (2) the trial court erred in failing to instruct the jury on the lesser included offenses of manslaughter and criminally negligent homicide; (3) the trial court did not have jurisdiction because at the time of the indictment Petitioner had no previous conviction for murder; (4) the evidence was insufficient to sustain the jury's verdict; (5) the sentence for unlawful possession of a firearm was illegal; and (6) the State used embellished and perjured testimony to obtain Petitioner's conviction. The trial court denied the post-conviction petition on April 12, 2011.  Petitioner moved to alter, amend, or vacate the trial court's order on May 2, 2011, and filed his notice of appeal from the trial court's decision on May 16, 2011. On September 23, 2011, the Alabama Court of Criminal Appeals affirmed the judgment of the lower court. Petitioner's application for rehearing was overruled by the appellate court on November 10, 2011.  The Alabama Supreme Court denied his petition for writ of certiorari on January 13, 2011, and certificates of judgment were entered by the Alabama Supreme Court and the Alabama Court of Criminal Appeals the same day. *Doc. No. 13, Exhs. 12-26*.

In his petition for habeas corpus relief filed on February 10, 2012, Petitioner presents

3

the following claims for relief:

1.   His capital murder conviction was contrary to the weight of the evidence;

2.  The trial court erred in refusing to give certain written requested jury instructions;

3.  The trial court failed to instruct the jury on the lesser included offense of capital murder;

4.  The sentence imposed for unlawful possession of a firearm is illegal; and

5.  Appellate counsel was ineffective for failing to raise on appeal trial counsel's ineffectiveness for failing to request that the jury be charged on the lesser included offense of manslaughter.

Respondents filed an answer in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*.  *Doc. No. 13*. They contend that the present habeas corpus petition is due to be denied because the claims presented by Petitioner provide no basis for relief.  Specifically, Respondents maintain that Petitioner's allegations that his conviction for capital murder was contrary to the weight of the evidence and that appellate counsel was ineffective for failing to raise a claim of trial counsel's ineffectiveness in failing to request that the jury be charged on the lesser included offense of manslaughter were properly adjudicated on the merits by the state courts.  *See Williams v. Taylor*, 529 U.S. 362, 404-405 (2000).  Respondents argue that Petitioner's claim that the trial court refused to give certain requested jury instructions is procedurally barred

4

from review by this court. To support this argument, Respondents contend that the state courts found this claim had not properly been preserved for review in the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Teague v. Lane*, 489 U.S. 288 (1989); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Finally, Respondents maintain that Petitioner's allegations that the trial court failed to charge the jury on murder as a lesser included offense of capital murder, and that his sentence for unlawful possession of a firearm is illegal, concern issues of state law and, therefore, do not present claims cognizable on federal habeas review. *See Wilcox v. Ford,* 813 F.2d 1140, 1145 n. 7 (11th  Cir. 1987); *see also Beverly v. Jones,* 854 F.2d 412 (11th  Cir. 1988) (A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief).

Petitioner took advantage of the opportunity granted to respond to the Respondents' contentions. *See Doc. No. 17*. After reviewing the § 2254 petition, Respondents' answer, and Petitioner's response, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

*A.  Standard of Review*

To prevail on his § 2254 claims adjudicated on the merits by the state courts,

5

Petitioner must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[4] *see Williams*, 529 U.S. at 412-13. A state court's decision can be "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but reaches a different result. *Id*. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application

---

[4] 28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)     resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)     resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

6

of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision this court must decide. *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003). The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d). . . ." *Id*. at 636. Additionally, a state court's summary rejection of a federal constitutional issue qualifies as an adjudication on the merits under § 2254(d) so that the summary rejection is entitled to the same deference as a written opinion. *See Wright v. Sec. of Dept. Of Corr.,* 278 F.3d 1245, 1254 (11th Cir. 2002).

B.  *The Claims*

*i. Weight of the Evidence*

Petitioner contends that his conviction for capital murder in violation of Ala. Code §

13A-5-40(a)(13) is not supported by the weight of the evidence.  Specifically, Petitioner

maintains that the victim was armed with an operable and loaded weapon which he was

known to carry and was capable of using, and, at the time of the murder, he was in an

aggravated state of mind. *Doc. No. 1* at 5.

Verdicts of state courts are not subject to challenge in the federal courts based on an

assertion that they are against the weight of the evidence. The court may examine only the

legal sufficiency of the evidence to support the verdict of guilty, not whether the verdict was

against the overwhelming weight of the evidence. *Young v. Kemp*, 760 F.2d. 1097, 1105 (11th

Cir. 1985) ("A federal habeas court has no power to grant habeas corpus relief because it

finds that the state conviction is against the 'weight' of the evidence. . ."). This is because

a verdict against the weight of the evidence is not an error of federal constitutional dimension

unless the record is so devoid of evidentiary support that a due process issue is implicated.

*See Vachon v. New Hampshire*, 414 U.S. 478, 480 (1974).  On federal habeas review, the

court considers whether the evidence was constitutionally sufficient to prove all the elements

of the offense for which a petitioner was convicted.  *See In Re Winship*, 397 U.S. 358, 364

(1970). The Due Process Clause of the Fourteenth Amendment prohibits a criminal

conviction "except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime." *Id*.

Under § 2254 , habeas relief on a claim of insufficient evidence is appropriate only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990). It is within the province of the jury to weigh the credibility of all of the witnesses' testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 at 318-319. A petitioner is not entitled to federal habeas relief if the evidence is merely susceptible to an interpretation other than the defendant's guilt. *Id.* at 326. Sufficiency claims are judged by the elements defined by state law. *Id*. at 324 n.16.

On appeal, the Alabama Court of Criminal Appeals summarized the evidence presented at trial as follows:

> In May of 2006, Jackson was involved in a relationship with two women, Elberta Wimberly and Falesha Carmichael. On May 3, 2006, Wimberly called Jackson, who was at Falesha's apartment, and asked to meet with Jackson. Jackson went to Wimberly's house. Falesha later stopped by Wimberly's house and briefly spoke with Jackson. After Falesha left, Wimberly, Jackson, and Wimberly's two children, went to the Pizza Hut. At some point during the excursion, Jackson got out of Wimberly's vehicle and began walking. Falesha called Wimberly and asked for Jackson. Wimberly told Falesha that Jackson had exited the car and was walking. Falesha told Wimberly that she would go pick him up. Wimberly found Jackson and took him to his grandmother's house. Wimberly and Jackson were sitting on the porch talking when Falesha drove up and parked across the street. She remained in the car. Another vehicle, driven by Jermaine Pierson, stopped in front of the house. Pierson conversed with Jackson. Pierson drove off, and when he returned a few minutes later, Jackson told Wimberly that his ride had arrived and that he was leaving. Wimberly got in her car. Jackson went to Pierson's car and sat down.

9

He left the car door open and had one foot on the ground. Carmichael, Falesha's brother, drove up, exited his vehicle, and approached Jackson. Jackson got out of the vehicle, and Carmichael discharged several rounds from his gun at Jackson. Jackson died as a result of two gunshot wounds. Carmichael got back in his vehicle and drove away. He tossed the gun in the Alabama River.

Carmichael admitted to the police that he shot Jackson, who he contended was a longtime friend. However, Carmichael claimed that he shot Jackson in self-defense. Carmichael testified that he went to Jackson's grandmother's house to find out what was going on between his sister and Jackson. When he arrived home from work that afternoon, his girlfriend told him that Jackson had pulled a gun on his sister. Carmichael testified that he did not believe that Jackson would do something like that, but that he wanted to talk to Falesha and Jackson to make sure. When he approached Jackson, he saw that Jackson, looking "wild-eyed" had a gun in his hand. (R. 656.)  Believing that he was about to be fired upon, Carmichael pulled his gun and fired. At the scene of the shooting, officers found a gun tucked into Jackson's waistband. Testimony was adduced at trial that no round was chambered in the gun, which indicated that Jackson had not fired the weapon and that the gun was not ready to be fired.

*Doc. No. 13, Exh. 5* at 2-3.

Petitioner argued on appeal that his conviction for capital murder was not supported by the weight of the evidence. The Alabama Court of Criminal Appeals, observing that it was not within its province to re-weigh evidence presented at trial, held that whether Petitioner acted in self-defense was a question for the jury to resolve, and that, based on the evidence presented at trial, the jury could reasonably have found that Petitioner did not act in self-defense.  Although Petitioner testified that he was protecting himself when he pulled his gun and fired, the appellate court found that the State presented evidence that Petitioner approached the victim and fired several shots at him, the victim had no gun in his hand at the

10

time he was shot, police found a gun tucked into the victim's waistband, and no round was chambered in the gun, indicating the victim had not fired the gun and the gun was not ready to be fired. *Doc. No. 13, Exh. 5* at 3-6.

"The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." *Jackson,,* 443 U.S. at 309 (citing *In re Winship,* 397 U.S. 358). This court, however, is not required to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* at 318–19 (internal quotations and citations omitted, emphasis in original). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original).  Because jurors may evaluate the credibility of testimony and the weight of the evidence, the court should assume that all conflicting inferences were resolved against the defendant.  *Id.* at 326. The test under *Jackson* is a limited one, and it does not require that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.*; *Wilcox v. Ford,* 813 F.2d 1140, 1143 (11ᵗʰ Cir.1987). "The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief." *Wilcox*, 813 F.3d at 1143.

To the extent that the appellate court's decision can be considered also to have addressed the sufficiency of the evidence used to convict Petitioner, the state court rejected such claim.  In *Coleman v. Johnson,* __ U.S.__, 132 S.Ct. 2060, 2062, 182 L.Ed.2d 978

(2012), the Court held that "*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."  First, a reviewing state court on direct appeal may only set aside the jury's verdict for insufficient evidence if no rational trier of fact could have agreed with the jury. *Id.* Second, a federal habeas court may overturn the state court decision only if it was objectively unreasonable. *Id.* The only question for the reviewing state court under *Jackson* is "whether the finding was so insupportable as to fall below the threshold of bare rationality." *Coleman,* 132 S.Ct. at 2065. That determination in turn is entitled to considerable deference under AEDPA, and this court must deny habeas relief unless one of the two exceptions found in § 2254(d) applies. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

Petitioner claims that his conviction should be reversed because there was evidence supporting his claim of self-defense.  As explained, however, this court may not, on habeas review,  resolve conflicts in testimony, weigh evidence, and draw inferences from the facts. These matters are left to the jury as fact-finder.  Affording deference to the jury and state court, the court finds, in reviewing the evidence of record in the light most favorable to the prosecution, a rational fact-finder could have found Petitioner guilty of capital murder under § 13A-5-40(a)(13).  The state court's rejection of Petitioner's claim was not contrary to *Jackson,* and involved no unreasonable application of *Jackson*.   Petitioner is, therefore, not entitled to habeas relief on this claim.

   *ii.  Ineffective Assistance of Appellate Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme set forth the clearly established federal law on the issue of ineffective assistance of counsel. The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. Petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, Petitioner must establish that the performances of his attorneys "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. Once this threshold test is met, Petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, Petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393 n. 17. There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The test used to evaluate claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance

of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (a criminal defendant's right to effective assistance of counsel continues through a direct appeal); *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991).   Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal.  *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000);  *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Petitioner argues that appellate counsel performed deficiently for failing to challenge trial counsel's conduct in failing to request a jury instruction on the lesser included offense of murder. Petitioner presented this claim in his Rule 32 petition.  The trial court denied relief noting that "[t]his claim was essentially rejected on appeal when the Court of Criminal Appeals concluded that the lesser included charge was not warranted because [Petitioner] admitted he intentionally shot his victim (he pleaded self-defense).  Thus, his attorneys were not culpable in not requesting the lesser included charge." *Doc. No. 13, Exh. 14*. On appeal, the Alabama Court of Criminal Appeals affirmed the lower court's decision concluding Petitioner's challenge to appellate counsel's performance lacked merit "because counsel cannot be held to be ineffective for failing to pursue a meritless defense." *Doc. No. 13, Exh. 21*. Thus, the issue before this court is whether the state court's decision was contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or constituted an unreasonable determination of the facts based on the

14

evidence submitted by the parties.

On this record, and as more fully explained below, the fact that the trial judge did not instruct the jury on murder as a lesser offense to capital murder appears valid and proper. *See Doc. No. 22, Exh.*  Petitioner, therefore, has failed to show that trial counsel was ineffective for failing to request an instruction on a lesser included offense because the record fails to support any entitlement by Petitioner to a murder instruction to the jury. Petitioner has failed to show that his underlying claim alleging that trial counsel was ineffective has merit as it relates to the failure to request a lesser included offense instruction. As a result, the failure to raise such claim on appeal was not ineffective assistance of appellate counsel. *See Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989) (the Constitution does not require that appellate counsel raise all non-frivolous grounds on appeal and certainly doesn't require that appellate counsel raise frivolous grounds on appeal); *Diaz v. Secretary for the Dep't of Corr.,* 402 F.3d 1136, 1144–45 (11th Cir. 2005). The state court's ruling denying relief on this claim was neither contrary to clearly established federal law nor objectively unreasonable and constituted a reasonable determination of the facts in light of the evidence presented. Petitioner is not entitled to relief on this claim.

### iii. Trial Court Error Regarding Jury Instructions

Petitioner challenges the trial court's failure to instruct the jury on the lesser included offense of capital murder. Respondents argue that this claim entitles Petitioner to no relief

because it is based on state law and, therefore, presents no issue of constitutional dimension. *Doc. No. 13*.

Federal habeas corpus relief is available only to correct constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Such relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (holding errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *McCullough v. Singletary,* 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). Absent federal constitutional violations or allegations alleging such violations, federal habeas review of a state law claim is precluded *See Barclay v. Florida,* 463 U.S. 939, 957-58 (1983) ("Mere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted).

Under these principles, Petitioner has not stated a claim on which federal habeas corpus relief may be granted. On appeal of his convictions Petitioner challenged the trial court's failure to instruct the jury on the lesser included offense of murder regarding the capital murder charge under Ala. Code § 13A-5-40(a)(13). The appellate court rejected the claim of trial court error finding it "undisputed that [Petitioner] had a prior conviction for

16

murder within the preceding 20 years. . . [which] elevated the murder to capital murder and eliminated murder as a lesser-included offense. . . . The evidence tended to show that [Petitioner] was either guilty of capital murder as set forth in count one of the indictment or was not guilty." *Doc. No. 13, Exh. 5* at 16.

A state trial court's refusal to give a requested jury instruction does not, standing alone, warrant federal habeas corpus relief. The refusal to give the instruction must so infect the entire trial that the defendant was deprived of his right to a fair trial guaranteed by the Due Process Clause of the Fourteenth Amendment. *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977) (deficient jury charge is issue of constitutional dimension only where it renders entire trial fundamentally unfair); *Erickson v. Secretary for the Dept. of Corrections,* 243 Fed. Appx. 524, 528 (11th Cir.2007) ("[E]rrors in state jury instructions are federal constitutional issues only where they render the entire trial fundamentally unfair). *Jones v. Dugger,* 888 F.2d 1340, 1343 (11th Cir. 1989)."

The undisputed evidence of record reflects Petitioner had a prior conviction for murder within the preceding twenty years, which elevated his murder of the victim in this case to capital murder under Ala. Code § 13A-5-40(a)(13) and eliminated murder as a lesser included offense. *Doc.  No. 13, Exhs. 5, 27.*  The Alabama Court of Criminal Appeals' conclusion that the evidence supported no lesser-included offense instruction where Petitioner was guilty of capital murder as set forth in the indictment or not guilty was neither

17

contrary to, nor an unreasonable application of, federal law nor "based on an unreasonable determination of the facts...." 28 U.S.C. § 2254(d)(1)-(2); *Doc. No. 13, Exh. 5* at 11-16; *Doc. No. 22, Exh. Vol. VII*, at 720-723. Assuming, *arguendo*, that Petitioner's claim of trial court error in failing to give the requested charge is properly before this court for determination, it does not entitle Petitioner to habeas relief. *Williams v Taylor*, *supra*.

Petitioner also challenges the trial court's refusal to give requested written jury instructions. To support this claim, Petitioner argues that state law entitles a criminal defendant to have charges given which would not be misleading, which clearly state the law relevant to the offense, and which are supported by the evidence. *Doc. No. 1 at 7*. This claim appears to concern the same claim Petitioner presented on direct appeal regarding alleged trial court error in refusing to give two of Petitioner's requested jury charges pertaining to reasonable doubt and the burden of proof. *See Doc. No. 17* at 3-4. Respondents maintain that this claim is procedurally defaulted. *Doc. No. 13*. In support of this argument, Respondents contend that the Alabama Court of Criminal Appeals determined that Petitioner had not preserved the issue for review on direct appeal. *Id. Exh. 5*. Specifically, the state appellate court found that although Petitioner raised an objection to the trial court's failure to give his requested jury charges, the "objections were not specific and preserved nothing" and thus, his claim regarding the requested jury instructions was not preserved for review. *Doc. No. 13, Exh. 5* at 9. *See Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992)

(citations omitted) ("Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.").

This court may reach the merits of a petitioner's procedurally defaulted claims only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

Petitioner contends the appellate court's decision to find this claim defaulted is in error and conflicts with decisions of the Supreme Court. Other than asserting that the requested written charges contained correct principles of law and based on the facts of his case it was important for the jury to hear the proposed instructions, *see Doc. No. 17* at 4, Petitioner fails to explain how the appellate court's decision failed to provide an adequate and independent ground for denying the claim under state procedural rules. The court finds Petitioner has presented nothing to establish cause for his default.

Even if the claim were not defaulted, however, it entitles Petitioner to no relief. The appellate court determined that, notwithstanding Petitioner's default, his allegation of trial court error for failing to give the requested jury instructions lacked merit where the evidence

19

of record showed the trial court's oral instruction to the jury covered both reasonable doubt and burden of proof. *Doc. No. 13, Exh. 5* at 9-11. The Court of Criminals Appeals reviewed the trial court's instruction to the jury which, in part, reflected:

> "By pleading not guilty, he places the burden on the State of Alabama to prove by the evidence his guilt beyond a reasonable doubt. Before a conviction can be had, each of you must be satisfied beyond a reasonable doubt of his guilt. Otherwise, he is entitled to an acquittal. Furthermore, as we've discussed, he is presumed innocent of these offenses; and that presumption stays with him unless and until his guilt is established from the evidence beyond a reasonable doubt. Presumption of innocence is evidence in the case and is to be considered by you along with all other evidence in the case.

> "We talk an awful lot about reasonable doubt. Let me try to help y'all with that concept. While the State's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the State's proof exclude any reasonable doubt concerning the defendant's guilt. A reasonable doubt is a real doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

> "Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs."

*Id*. at 10-11; *Doc. No. 22, Exh. VI* at 768-769.

From its own independent review of the record, including Petitioner's proposed instructions and the jury instructions given, the court finds the instructions given were substantively correct and adequately addressed the applicable legal standards. *Doc. No. 22, Exh. Vol. VI* at 772-785. The instructions to the jury clearly indicated the elements of the criminal acts with which Petitioner was charged and the fact that the State had the burden of proving Petitioner committed the offenses beyond a reasonable doubt. *Id*. at 768-769. As the

appellate court recognized,  Petitioner argued only that he was entitled to have the requested charges given but had presented no argument as to why the requested charges were necessary for his case or why the trial court erred when it overruled his objection to the alleged omission in the court's charge. *Doc. No. 13, Exh. 5* at 11.  Thus, even if not defaulted, Petitioner's claim would not entitle him to habeas relief. *See Rodriguez v. Wainwright,* 740 F.2d 884, 885 (11th Cir. 1984) ("Where a requested jury instruction is already covered by the charges given, failure to give the requested charge is not error at all, much less constitutional error."); *Williams v. Taylor, supra.*

### iv.  The Illegal Sentence Claim

Petitioner maintains that his sentence for unlawful possession of a firearm is illegal because it is not authorized under the Habitual Felony Offender Act ["HFOA"], *Ala. Code* § 13A-5-9, *et seq.*, violates the Double Jeopardy Clause,  and violates his rights to due process and equal protection.  *Doc. No. 1* at 10.  Respondents assert that Petitioner's challenge to the  sentence imposed for his firearm offense, insofar as he challenges application of the HFOA to his conviction under Ala. Code § 13A-11-72(a), was adjudicated in the state courts, but again, concerns a violation of state law which is not itself a violation of the federal constitution.  *Estelle*, 502 U.S. at 67; *see also Johnson v. Rosemyer,* 117 F.3d 104, 110 (3rd  Cir. 1997) ("Even if the state courts [make] a mistake of state law which prejudices [a petitioner], ... to obtain habeas corpus relief [a petitioner] must demonstrate that the mistake deprived him of a right which he enjoyed under the Constitution, laws, or treaties

of the United States.'). Consequently, Petitioner's attempt to bootstrap this claim as a federal constitutional issue by conclusorily alleging the State's interpretation of the enhancement statute in relation to his firearm offense offends the Double Jeopardy Clause and his due process and equal protection rights under the Fourteenth Amendment is unavailing. *See Id.* ("Errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."); *see also Estelle*, 502 U.S. 62 (a federal court has no authority to re-examine state court determinations on questions of state law); *Beverly*, 854 F.2d 412.

Despite the foregoing, the court finds that the record refutes Petitioner's allegation of an improper sentence enhancement. The record reflects Petitioner had an undisputed prior conviction for murder entered against him by the Circuit Court for Montgomery County, Alabama, on November 12, 1991, and a prior conviction for possession of marijuana entered against him by the Circuit Court for Montgomery County, Alabama, on April 8, 1992, for which he received a five year term of imprisonment. *Doc. No. 13, Exh. 27*. During Petitioner's sentencing hearing the State submitted certified copies of these prior convictions which rendered Petitioner eligible for enhancement of his firearm sentence as a habitual felony offender. *Doc. No. 22, Exh. Vol, VII* at 53-56.  In accordance with state law, the trial court relied on the prior felony convictions in  sentencing Petitioner to a term of life imprisonment on the firearm offense to run consecutive to his sentence for capital murder.[5]

The Alabama Court of Criminal Appeals  deemed Petitioner's illegal sentence claim

---

[5] *See Matchum v. State*, 880 So.2d 1202 (Ala. Crim. App. 2003) (holding that the HFOA is applicable to convictions under § 13A-11-72).

meritless where state law has repeatedly held that the HFOA applies to convictions under *Ala. Code* § 13A-11-72. *Doc. No. 13, Exh. 5* at 16-17. Petitioner has failed to demonstrate that the appellate court's decision to affirm his sentence on the firearm offense was either contrary to or an unreasonable application of clearly established federal law as his sentence was within the legally permissible range. 28 U.S.C. § 2254(d)(1). Nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). Consequently, even if Petitioner's claim warranted federal review, such review would not result in habeas relief for Petitioner. *See Williams*, 529 U.S. 362.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Leon Carmichael, Jr., be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before **April 14, 2014**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in

the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of march, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE