IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| LEON CARMICHAEL, JR., )<br>  )<br>   Petitioner, )<br>  )<br>   v. )<br>  )<br>WARDEN CARTER DAVENPORT, )<br>et al., )<br>  )<br>   Respondents. ) | CIVIL ACTION NO.<br>2:12cv138-MHT<br>(WO) |

OPINION AND ORDER

This matter is before the court on the motion, filed by petitioner Leon Carmichael, Jr., for an extension of time in which to file a "C.O.A."  In his motion, Carmichael, who is incarcerated, notes that he has tested positive for tuberculosis and has been placed on medical quarantine.  As a result, he is unable to access the prison's law library.  He argues that these circumstances constitute good cause for an extension of time.

It is apparent from the thrust of Carmichael's motion that what he ultimately seeks is appellate review of the court's denial of his habeas corpus petition, which he

filed pursuant to 28 U.S.C. § 2254. <u>Carmichael v. Davenport</u>, 2014 WL 1681708 (M.D. Ala. Apr. 28, 2014).  The court is convinced that, regardless of the procedural details, Carmichael seeks to do whatever is necessary to appeal the court's denial.  However, it also appears that he is somewhat confused about the procedural details.

In order to appeal in this case, Carmichael must do three things.  First, he must timely file a notice of appeal pursuant to Fed. R. App. P. 4(a).  Second, he must obtain a "certificate of appealability," either from this court or from the Eleventh Circuit Court of Appeals.  28 U.S.C. § 2253(c)(1); <u>see also</u> Fed. R. App. P. 22(b)(1); Rules Governing § 2254 Cases, Rule 11.  Such a certificate may be issued, as to specific issues in the case, "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2), (c)(3).  Third, he must either pay the filing fee ($ 505.00) or proceed in forma pauperis; however, if he intends to pursue the second course, 28 U.S.C. § 1915(a)(3)

provides that, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," Coppedge v. United States, 369 U.S. 438, 445 (1962), or "has no substantive merit."  United States v. Bottoson, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam); see also Rudolph v. Allen, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); Morris v. Ross, 663 F.2d 1032 (11th Cir. 1981).

In his motion, Carmichael seeks additional time to file a "C.O.A.," presumably referring to the required certificate of appealability.  There is no time limit on when he may seek such a certificate from this court, and thus no need for an extension of time.  There is, however, a time limitation on filing his notice of appeal: ordinarily, such a notice must be filed within 30 days after the entry of judgment. Fed. R. App. P. 4(a)(1)(A).

Because it is clear from his motion that Carmichael ultimately seeks to appeal the court's denial of his habeas petition, <u>Carmichael v. Davenport</u>, 2014 WL 1681708 (M.D. Ala. Apr. 28, 2014), the court will treat his motion as the required notice of appeal. In this case, the court entered judgment on April 28, 2014, so the court deems this notice of appeal to be timely filed. The court will further allow Carmichael time to submit argument regarding the other two requirements for filing an appeal.

***

Accordingly, it is ORDERED that the motion filed by petitioner Leon Carmichael, Jr., for an extension of time in which to file a "C.O.A." (doc. no. 27.) is granted to the following extent:

(1) The motion is treated as a notice of appeal pursuant to Fed. R. App. P. 4(a), and is deemed timely filed.

(2) Petitioner Carmichael is given until August 19, 2014, to set forth why the court should grant a certificate

of appealability as to some or all of the issues in this case, that is, why the court should find petitioner Carmichael "has made a substantial showing of the denial of a constitutional right" as to particular issues. 28 U.S.C. § 2253(c)(2).

(3) If petitioner Carmichael seeks to proceed on appeal in forma pauperis, he is given until August 19, 2014, to set forth further why the court should find that his appeal is being "taken in good faith", 28 U.S.C. § 1915(a)(3), that is, why the court should not find that the appeal is "frivolous," Coppedge v. United States, 369 U.S. 438, 445 (1962), or "has no substantive merit." United States v. Bottoson, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam); otherwise, he should pay the appellant filing fee (& 505.00) by then.

DONE, this the 21st day of May, 2014.

      /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**